# Beeson *against* M'Nabb.

By a proceeding in partition in the orphan's court, real estate was sold, the terms of which sale were, that one-third of the purchase money should remain in the hands of the purchaser, the interest of which should be paid to the widow during her life ; after the sale made, the purchaser transferred his bid to another, who received a deed directly from the heirs, and the proceedings in the orphan's court were never perfected by a return of the order. Held, that in an action against the purchaser by the widow to recover her interest, he could not set up this imperfection as a defence.

WRIT of error to *Fayette* county.

The children of John Stidger deceased, presented a petition to the orphan's court for a writ of partition and valuation of the real estate of their deceased father : the matter was proceeded in until an order to sell was granted, and a sale made to George Bently upon the condition, that one-third of the purchase money should remain in the

[Beeson v. M'Nabb.]

hands of the purchaser, the interest of which should be paid to the widow annually. Bently transferred his bid to Henry Beeson, the defendant in this suit, to whom the heirs made a conveyance. The order of the orphan's court was not returned. This was an action by Elizabeth M'Nabb, the widow, against Henry Beeson, to recover one year's interest due to her.

The defendant set up as a defence, the imperfection of the proceedings in the orphan's court. But the court below (Baird, president) were of opinion, that the defence was not available, and a verdict and judgment passed for the plaintiff.

*Ewing* and *Dawson,* for plaintiff in error.
*Austin* and *M'Giffin,* for defendant in error.

Per Curiam.—The proceeding in the orphan's court was left incomplete ; but it is not for the defendant below to take advantage of it. There was a *parol* sale under an order of the orphan's court, and a delivery of the possession to him as a purchaser, pursuant to it ; which, with payment of a considerable part of the purchase money, took the contract out of the statute of frauds, so that if the matter even stood upon that, it could not be disputed but that an equitable title passed. To complete the legal title in the orphan's court, it was necessary to have the order returned, the sale confirmed, and the estate decreed to, and confirmed in the purchaser. That was one way of vesting the title ; and why was it not pursued? Because another way equally efficacious was preferred. The children of the intestate in whom the estate resided, conveyed directly to the defendant ; and after this, it would be a mockery to permit him to withhold the widow's interest, under a pretext that his title, by the proceedings of the orphan's court, is incomplete.

Judgment affirmed.