# THE SUPREME COURT

OF

# PENNSYLVANIA.

MIDDLE DISTRICT, MAY TERM, 1846.

HARRISBURG.

---

## BEESON *v.* McNABB.(a)

An executor on a sale by the Orphans' Court, retained a sum of money in his hand to meet the demand for dower or thirds chargeable on the estate of the testator; the widow is entitled to recover; and the executor is the only party chargeable.

ERROR to the Common Pleas of Fayette county.

This was an action of debt for a devastavit against the executors of H. Beeson, on a judgment recovered against them in 1841, in which a verdict was taken for the plaintiff, subject to the opinion of the court on the evidence. The court below gave judgment against the acting executor, in whose hands only assets had been proved.

It appeared that, in 1816, defendant's testator purchased, at an Orphans' Court sale, a house of the deceased husband of plaintiff, and a sum of money was left in his hands to meet the demand for dower or share under the intestate law; the interest on this was paid to plaintiff until the purchaser's death in 1824, and by his executors until 1833. In 1836, she filed a claim or statement of these facts in the Common Pleas, in an action against the executors.

In 1839, she recovered a judgment by confession for three years' arrears; and in 1841, the judgment now sued on.

Plaintiff proved a petition in 1836 by defendant, as acting executor of Beeson, praying a sale of his real estate, in the schedule annexed to which, was the statement of the principal sum retained for her thirds stated as a debt. This was objected to, probably for want of connec-

(a) This case was argued at the last term at Pittsburg.

422

tion with the other defendants, against whom, however, no judgment was given.

She then proved a supplemental account by the same person in 1839, showing a balance retained to meet her claim.

Beeson the testator died in 1832, having devised this land to his son.

*Patterson* and *Beech*, for plaintiff in error, contended the debt in this case had lost its lien under the act of 1807; as this money thus remaining in the hands of the executors after the sale under the Orphans' Court decree was real estate, and is so declared by the acts of 1834, sect. 33; 1833, sect. 18. But the heirs, or devisee and widow, have not been made parties, which is expressly required by the act of 1834, sect. 74; if the debt is to be levied out of the real estate. It had been paid up to the end of seven years, but neither that fact nor the filing of the account, admitting a debt out of abundant caution, was sufficient to charge the real estate, which this was, as the executor was a mere stakeholder, 5 Watts & Serg. 373, having no personal interest. But the case is stronger; for even had the admission been by an heir, it would not have bound the estate, Hemphill *v.* Carpenter, 6 Watts, 22.

*Howell* and *Biddle*, contrà.—The act of 1807 has nothing to do with the case; the money was received by the executor, for the payment of this particular debt; after which he became trustee for us, and no statute could affect our right, 8 Watts, 504; 9 Watts, 523. Beeson *v.* McNabb, 2 Watts, 106, is a case deciding the purchaser becomes a trustee for the widow for this money; or at all events liable to pay her; and then the accounts of the executors are evidence of admissions of a receipt of the fund or money for the same purpose. The act had been complied with by filing the statement.

This fund, moreover, ceased to be real estate on the Orphans' Court sale, Clauser's estate, 1 Watts & Serg. 215; and from that time it remained personalty, as to which there is no limitation; this rule prevails from the time of the application to the Orphans' Court, Greider *v.* McClay, 11 Serg. & Rawle, 224; Milligan *v.* Aughanbaugh, 4 Watts, 424.

But could more be done than we did, even to charge real estate; a plain statement was filed, and a judgment recovered for so much as was due at the time; but the true point is, this was our specific fund.

BURNSIDE, J.—The object of the act of the 4th of April, 1807, 3 Smith L. 297, sect. 4, was to protect bonâ fide purchasers, who could not have notice of debts due by a deceased; debts being a lien on the real estate of a deceased person by the common law for an indefinite period of time. To remedy the evil, the legislature provided,

"That no debts except they were secured by mortgage, judgment, recognisance, *or other record,* should remain a lien on the lands and tenements of a deceased person longer than seven years after the decease of the debtor, unless an action for the recovery thereof be commenced, and duly prosecuted against the debtor, or the executors, or administrators of the debtor, within the period of seven years; or a copy or particular statement of the bond, covenant, debt, or demand, when the same is not payable within the said period of seven years, shall be filed within the said period in the office of the prothonotary of the county where the lands lie."

No case has decided, that dower is within the provisions of this act. The widow brought her actions, as the evidence shows, and stated her case minutely in her declarations, some before, and some after the seven years succeeding the death of Henry Beeson. Her right to dower was early contested. The case of Beeson *v.* McNabb, 2 Watts, 106, settled the question, and established her claim. The executors and representatives of Henry Beeson knew that they owed this dower, and they had part of the real estate sold by order of the Orphans' Court of Fayette county to pay it. In settling their account of the sale, the executor claimed, and the Orphans' Court allowed him to retain in his hands a sufficient sum to pay the widow and her children at her decease. Payment was made until seven years after the death of Henry Beeson; and although the money is in the hands of the executor for this special purpose, by the consent of the heirs and the decree of the Orphans' Court, the plaintiff in error refuses to pay over the dower due the widow—contending that this action cannot be maintained, because the heirs of Henry Beeson were not made parties in this action, and no formal specification of the claim was filed in the Common Pleas, with the prothonotary.

The dower being in the hands of the defendant below for the purpose of payment, the refusal to pay is clearly a devastavit. It is so suggested in this action. The suit is not against the estate. It is against the person who had been the acting executor of the estate, who received the money to pay *this widow her mite,* by order of the Orphans' Court, and of which the heirs of the estate must be presumed to be consenting, as they filed no exceptions to the final confirmation of the administration account. An executor may be a trustee for the creditors as well as heirs. The law is settled, that in all cases of promises, express or implied, made to, or by an executor, or administrator, after the death of the testator, or intestate, the action must be brought by or against the executors or administrators individually, Greer *v.* Huston, 8 Serg. & Rawle, 402.

This executor is a trustee for the widow and her children since the decree of the Orphans' Court, leaving the money in his hands for their use. It is the debt of the executor. It has ceased to be due by the estate of Henry Beeson, deceased. That estate has paid it to the executor for the widow and her children, and he is legally bound to pay the widow her interest annually, and the principal to her children at her decease. It is not a case in which the act of limitations is a bar to an action against an administrator founded on a devastavit, 7 Watts & Serg. 350.

The judgment is affirmed.